## COLLON JAMES v. MARIA JAMES.

[FILED MAY 6, 1890.]

**Divorce:** ADULTERY: THE EVIDENCE examined, and *held*, not to sustain the charge of adultery.

ERROR to the district court for Adams county. Tried below before GASLIN, J.

Capps & McCreary, for plaintiff in error.

Batty & Casto, contra.

NORVAL, J.

The defendant in error brought suit in the district court to obtain a divorce from the plaintiff in error on the charge of adultery. The answer is a general denial. Decree of divorce was granted as prayed for in the petition. The defendant brings the case to this court on error.

It is only necessary to consider one assignment of error, and that is, that the findings of the district court are not supported by the evidence. The testimony is very brief.

Maria James, the plaintiff, testified that she had been married to the defendant thirty-two years; that in October she was absent from her home in Hastings less than a week, and when she returned she found the bedroom shutters closed and the blinds pulled down; that she inquired of the defendant what it meant and got no satisfactory answer; that shortly afterwards the defendant complained of being sick, as he had once before. "I went to searching for the garment and found it in the condition it was once before."

Q. Were they stained with the same disease?

A. Yes, sir.

Q. What did you do with them?

A. I folded them up and laid them away.

Q. Put it where no one could get it?

A. Yes, sir.

Q. Then what?

A. I took it down to Dr. Urquhart to have it examined.

Q. Whom did you deliver it to?

A. Dr. Urquhart.

Q. State, now, if, after you discovered the garment and heard his complaint, you have cohabited with him as his wife?

A. No, sir, not in the least.

Dr. Thomas H. Urquhart testified that he has practiced medicine and surgery for forty-one years, and that Mrs. James delivered to him a man's shirt.

Q. Tell the court all about it.

A. I made an examination of it according to the methods of microscopy; mounted it, made an examination, and made my notes.

Q. What did you find?

A. I found the disease called gonorrhœa on that shirt.

This is the entire direct testimony on the part of the plaintiff.

Collon James, the defendant, testified that it was nothing unusual to find the shutters closed and blinds down; that they were kept the same way when she was there; that he had not had intercourse with any one but his wife, and that he had never been guilty of the crime of adultery.

Cross-examination:

Q. Did Dr. Bacon treat you for same disease, either in the months of October, November, or December of last year?

A. Yes, sir, he did.

Q. Was that same disease of the sexual organs?

A. Yes, sir.

Redirect examination :

Q. In the treatment which Dr. Bacon gave you at the time you speak of, did he come to the conclusion, after treating you, that you were not affected with the disease called gonorrhœa ?

A. He said he did not know what it was.   It is not a month when I get over it before it will come on again.   I had no pain whatever.   *   *   *

The testimony of Drs. Keller and Chapman was to the effect that, generally, in cases of gonorrhœa the patient has a good deal of pain and irritation.

Dr. Urquhart, on rebuttal, testified that the disease is not always accompanied with pain.

We have given substantially all the testimony contained in the bill of exceptions.   It is obvious that it fails to establish the charge of adultery.   The entire testimony on the part of the plaintiff is weak and quite unsatisfactory. The plaintiff does not even state that the garment she gave Dr. Urquhart for examination was ever owned or worn by her husband, and the doctor fails to state what experience he has had in making examinations of that character.   He may have been a physician and surgeon for many years, and yet have had but little or no experience in making microscopic examinations of garments for the purpose of discovering disease.   So far as this record discloses, this is the first examination of the kind the witness ever made. The defendant specifically states that he never had intercourse with any one but the plaintiff.   The charge of adultery is a serious one, and it should be clearly established by competent testimony before a decree of divorce should be granted on that ground.   The testimony in this case fails to sustain the charge made against the defendant.

The decree of the district court is reversed and case dismissed.

JUDGMENT ACCORDINGLY.

THE other judges concur.